## Commonwealth v. Reiber.

*Criminal law — Rape and bastardy — Statute of limitations—Absence of defendant—Non-residence—Evidence—Sufficiency.*

Where a prosecution for rape and bastardy is not commenced until more than two years after the alleged commission of the offence, and upon the charge that the defendant is a non-resident and fled the jurisdiction, the testimony of unsuccessful efforts to locate him is vague and indefinite, disclosing no real effort, no diligent search, no inquiry at his parents' home, a verdict of guilty cannot be sustained in the face of defendant's evidence that he was residing and employed in the State during the entire period, and could have been reached at any time upon inquiry at his parents' home or among his friends.

Motion in arrest of judgment and for new trial. Q. S. Dauphin Co., June Sess., 1921, No. 70.

*E. Le Roy Keen*, Assistant District Attorney, for Commonwealth.

*Michael E. Stroup*, for defendant.

Fox, J., Oct. 5, 1921.—In this case an indictment for rape and bastardy was presented on June 2, 1921, charging that the defendant on April 5, 1919, in the County of Dauphin, being of the age of sixteen years and upwards, feloniously did make an assault upon Kathleen E. Matter, and then and there feloniously, unlawfully and carnally did know and abuse, and a female bastard child on the body of the said Kathleen E. Matter did beget, in the county aforesaid, and of which the said Kathleen E. Matter was delivered on Dec. 22, 1919, the said Kathleen E. Matter then being under the age of sixteen years, and that the said defendant fled the jurisdiction and was not an inhabitant of this Commonwealth or a usual resident therein since the birth of the said bastard child. A plea of not guilty was entered by the defendant. The trial proceeded and the evidence submitted, and a verdict of guilty was rendered by the jury. A motion in arrest of judgment and for a new trial was filed, the disposition of which is now before us.

The defendant contended that, inasmuch as the child was begotten through sexual intercourse had on April 5, 1919, no indictment having been presented until June 2, 1921 (no information having been made until May 18, 1921), the statute of limitations had run and the defendant could not be convicted under the evidence as submitted by the Commonwealth at the trial. The question of the guilt of the defendant, as well as that as to whether or not he

1 D. & C.

was an inhabitant or usual resident of the State during the period from the time he had connection with the prosecutrix until two years had elapsed, to wit, April 5, 1921, were submitted to the jury, and the jury found the defendant guilty, thereby finding as a fact in the negative as to the latter question.

The question before us is, was there sufficient evidence produced by the Commonwealth from which the jury could fairly conclude that the defendant was not an inhabitant or usual resident of the State during this period of two years from the time the offence was committed? A careful reading of the notes of testimony discloses that the prosecutrix saw the defendant once after the intercourse at Lykens, his home, about three weeks before the child was born, but had no conversation with him, and never informed him of her being pregnant. Subsequently she asked several persons whether they knew of his whereabouts, who told her they did not, but does not testify who they were. She says she made other inquiries, but her testimony is quite indefinite as to how, when, where and of whom these inquiries were made. She also testified that she learned that he was at hand and could have been arrested in April of 1921, but the information was not made until May 18, 1921. The father of the prosecutrix was called and testified that he could not discover the whereabouts of the defendant at Lykens. He asked people about him, but he made no inquiry at the home of the defendant, and his evidence of his inquiries is likewise vague and indefinite. Mrs. Irvin Messner, called by the Commonwealth, who lives quite close to the home of the parents of the defendant in Lykens, testified that she saw the defendant at the home of his parents between Christmas and New Year of 1919; that she again saw him there two weeks before Christmas of 1920, and that she saw him shortly before Easter in April, 1921, and that he remained at home from that time on.

The rule is: "The most that can be required of the Commonwealth is to furnish evidence of facts from which, in the absence of evidence on the part of the defendant as to his residence, a jury may fairly infer that he was not an inhabitant or usual resident of the State during the period in question:" Com. v. Bates, 1 Pa. Superior Ct. 223, 233.

We do not think that the Commonwealth has here done what is required under this rule. There was no real effort made, so far as the evidence discloses, to learn of his whereabouts, with a view to arrest. No diligent search was made; no inquiry was made at the home of the parents as to where the defendant was, and after he had returned home in April, 1921, and there remained, no step was taken against him until May 18, 1921.

The testimony offered by the defendant by a number of witnesses shows that the defendant is a workman; that, prior to the year 1919, he had been away from the home of his parents, working at Berwick; that about the end of the year 1919 he went, in company with another young man by the name of Bowman, from Lykens to Philadelphia and secured employment there. He secured boarding and lodging, giving his full name to his employer and also to the people with whom he lodged and boarded, and that they also knew that he was from Lykens; that he wrote home to his mother and sent her money regularly, and that he wrote letters to persons, other than members of his family, residing in Lykens and vicinity; that Bowman soon returned from Philadelphia to Lykens on account of the illness of his mother, and that he told a number of people that the defendant was in Philadelphia, and where he was in that city and what he was doing.

Taking into consideration the whole of the evidence, and more particularly that submitted by the Commonwealth as to the whereabouts of the defendant during the period of two years after the commission of the offence, in which

Commonwealth v. Reiber.

time the statute of limitations was running, we are of the opinion that the evidence offered by the Commonwealth does not support the allegation in the indictment, to wit, that the defendant had fled the jurisdiction, and was not an inhabitant of this Commonwealth or a usual resident therein subsequent to the commission of said offence, and we are also of the opinion that the verdict of the jury was unfair to the defendant and against the weight of the evidence, in that the evidence did not prove, or tend to prove, that the said defendant had fled the jurisdiction of the court and was not a usual resident of the Commonwealth.

For the considerations stated, we are constrained to set aside the verdict which was rendered. Accordingly the verdict is set aside and a new trial is granted.	From William Jenkins Wilcox, Harrisburg, Pa.